16 F.3d 1224
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re William D. ZACK and Jacqueline S. Zack, Debtors.
William D. ZACK; Jacqueline S. Zack, Plaintiffs-Appellants,
v.
FIRST OF AMERICA BANK-SOUTHEAST MICHIGAN, N.A., Defendant-Appellee.
 No. 93-1278.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 These pro se litigants, William and Jacqueline Zack, appeal a district court order affirming the judgment of the bankruptcy court. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This case originated as a Chapter 7 bankruptcy petition. The First of America Bank (FOA) filed an adversary action against the Zacks asking the bankruptcy court to refuse to discharge the Zacks' indebtedness. The Zacks did not timely respond to FOA's complaint, and a default judgment was entered against them. The Zacks appealed to the district court. This case was docketed as Case No. 91-74432. The district court affirmed the default judgment on appeal.
 
 
 4
 Thereafter, the Zacks filed a pleading in the bankruptcy court entitled "Notice of Delayed Appeal" in which they purported to "appeal to the District Court from the final judgment or decree ... the Bankruptcy Court entered in this adversary proceeding on the 18th day of June, 1992." This pleading was forwarded to the district court where it was assigned the new case number of 92-74780 for what appeared to be a new bankruptcy appeal from a June 18, 1992, decision in the adversary proceeding.
 
 
 5
 On January 22, 1993, the district court dismissed Case No. 92-74780. The district court's order pointed out that the Zacks' August 11, 1992, notice of delayed appeal purported to appeal a June 18, 1992, bankruptcy court order when that date was actually the date of oral argument in the district court for Case No. 91-74432. On January 29, 1993, the district court, construing all pleadings filed under Case No. 92-74780 as a motion for relief from the court's July 20, 1992, order in Case No. 91-74432, denied the Zacks' motion for relief. The Zacks appealed, listing both case numbers on the notice of appeal.
 
 
 6
 The case came before this court upon consideration of FOA's motion to dismiss the appeal for lack of jurisdiction. A panel of judges concluded that the notice of appeal in Case No. 91-74432 was untimely and dismissed the appeal. The appeal in Case No. 92-74780 was considered timely and was allowed to proceed.
 
 
 7
 Upon review, we conclude that there are no issues arising independently under Case No. 92-74780 and that there is nothing to decide on appeal. The creation of Case No. 92-74780 was a mistake. Case No. 92-74780 was created by the Zacks' purported appeal from a bankruptcy court judgment when, in fact, the appeal was intended by the Zacks as a motion for relief from the district court's judgment of affirmance in Case No. 91-74432. Case No. 92-74780 was properly dismissed by the district court when it discovered the error.
 
 
 8
 Additionally, the Zacks' brief does not seek the reversal of any order entered in Case No. 92-74780. Their arguments on appeal are concerned with the district court's refusal to grant relief from judgment or reconsideration in Case No. 91-74432. This court no longer has jurisdiction over Case No. 91-74432.
 
 
 9
 In its brief, FOA requests just damages and double costs under Fed.R.App.P. 38 and 28 U.S.C. Sec. 1912 because the appeal is frivolous. The Zacks appear to have been acting in good faith so far in this litigation. Therefore, the request for just damages and double costs is denied. However, the Zacks are warned that, if they petition this court for rehearing of this decision, damages and double costs will be imposed.
 
 
 10
 Accordingly, the district court order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation